| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:18-CR-19(1) |
| | § | |
| ROBERT B. DECKERT | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Robert B. Deckert's ("Deckert") *pro se* Motion to Reduce Sentence (#94), wherein he requests that the court reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2). The Government filed a response in opposition (#97). After conducting an investigation, United States Probation and Pretrial Services ("Probation") recommends denying the motion. Having considered the motion, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.      Background

On July 12, 2018, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a three-count First Superseding Indictment, charging Deckert in Count One with Possession with Intent to Distribute a Controlled Substance (Actual Methamphetamine), in violation of 21 U.S.C. § 841(a)(1), in Count Two with Use and Carry of a Firearm in During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c), and in Count Three with Possession with Intent to Distribute a Controlled Substance (Actual Methamphetamine), in violation of 21 U.S.C. § 841(a)(1). On October 12, 2018, Deckert pleaded guilty to Counts One and Two of the First Superseding Indictment. On March 20, 2019, the court sentenced Deckert to 270 months' imprisonment, consisting of 210 months as to Count One and 60 months as to

Count Two, to run consecutively, followed by a five-year term of supervised release on both Counts One and Two, to run concurrently. Count Three was dismissed on the motion of the Government. Deckert's convictions and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on April 8, 2021. *See United States v. Deckert*, 993 F.3d 399 (5th Cir. 2021). Deckert's Motion for Rehearing was denied on May 4, 2021. Deckert did not seek a Writ of Certiorari from the United States Supreme Court. Deckert is currently housed at Federal Correctional Institution Oakdale II ("FCI Oakdale II"), located in Oakdale, Louisiana. His projected release date is July 22, 2037.

II.     Analysis

A judgment of conviction that imposes a sentence of imprisonment is a "'final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) embodies a rare exception to a conviction's finality. This statute gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment. The First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194, in part, amended 18 U.S.C. § 3582(c)(1)(A), which currently provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

factors set forth in section 3553(a)[1] to the extent that they are applicable, if it finds that—

>   (i) extraordinary and compelling reasons warrant such a reduction; or

>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release." *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) ("We often refer to this as 'compassionate release' because courts generally use it for prisoners with severe medical exigencies or infirmities.").

Rather than define "extraordinary and compelling reasons," Congress elected to delegate its authority to the United States Sentencing Commission ("Commission"). *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024), *abrogated on other*

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*grounds by United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022); *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Although the Commission had issued a policy statement prior to the passage of the Act that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the BOP—thus, the United States Court of Appeals for the Fifth Circuit and other courts held that it was inapplicable to motions filed by defendants on their own behalf. *See Jackson*, 27 F.4th at 1090; *Cooper*, 996 F.3d at 287-88; *Shkambi*, 993 F.3d at 392.

Effective November 1, 2023, the Commission—responding to, among other things, the Act—amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13. Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." *Id*. § 1B1.13(b). These categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence. *Id*. § 1B1.13(b)(1)-(6). The Fifth Circuit has clarified, however, that "prisoners have extraordinary and compelling reasons for relief 'only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner.'" *Austin*, 125 F.4th at 692 (quoting *Escajeda*, 58 F.4th at 186).

As a result, a prisoner seeking compassionate release or a reduction of sentence on his own motion must satisfy the following hurdles:

(1) the defendant must have exhausted his administrative remedies;

(2) "extraordinary and compelling reasons" must justify the reduction of his sentence or he must satisfy the requirements of § 3582(c)(1)(A)(ii);

(3) the reduction must be consistent with the Commission's applicable policy statements; and

(4) the defendant must convince the court to exercise its discretion to grant the motion after considering the § 3553(a) factors.

*See Jackson*, 27 F.4th at 1089; *Shkambi*, 993 F.3d at 392; *accord United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *see Austin*, 125 F.4th at 692.

A.  Exhaustion of Administrative Remedies

Section 3582(c)(1)(A)'s plain language makes it clear that the court may not grant a defendant's motion for a sentence reduction unless the defendant has complied with the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues."); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional but that it *is* mandatory"). Accordingly, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for a sentence reduction on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust his administrative remedies.  Both

begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)).

Although this requirement is said to be mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *Franco*, 973 F.3d at 468. "Mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022); *see United States v. Harden*, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *5 (E.D. Tex. Feb. 20, 2025). Therefore, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *McLean*, 2022 WL 44618, at *1.

A defendant's motion for compassionate release or a sentence reduction must be based on the same circumstances as those raised in his request to the warden of the facility where he is housed. *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (stating that "[i]n order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion"); *accord United States v. Thomas*, No. 4:19-CR-28-SDJ, 2023 WL 5279457, at *5 (E.D. Tex. Aug. 16, 2023) (citing *United States v. Mendoza-Garibay*, No. 4:13-CR-00281, 2023 WL 307459, at *1 (E.D. Tex. Jan. 18, 2023)). Hence, the facts asserted in an inmate's request to the warden and in his motion for compassionate release must be consistent. *United States v. Scott*, No. CR 17-114, 2024 WL 2187849, at *2 (E.D. La. May 14, 2024); *see United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021).

Here, it is unclear whether Deckert has exhausted his administrative remedies. Deckert contends in his motion that, before filing his motion, he filed an appeal with the warden of

Oakdale II, but he did not receive a response within thirty days. Deckert proffers no evidence in support of this assertion. The Government claims that Deckert has failed to show that he has exhausted his administrative remedies, as required. The Government appears to be correct, but, in any event, nothing in his motion indicates that extraordinary and compelling reasons exist to reduce his sentence or release him from prison at this time.

      B.      <u>Asserted Grounds for Sentence Reduction</u>

Deckert, age 41, does not rely on any of the recognized categories for a sentence reduction or compassionate release, such as his medical condition, his age, his family circumstances, his being a victim of abuse while in custody, other reasons of similar gravity, or the receipt of an unusually long sentence. *Id*. § 1B1.13(b)(1)-(6). Similarly, Deckert does not rely on rehabilitation as ground for a reduction in his sentence. Although he mentions 18 U.S.C. § 3582(c)(2) in his motion, that section applies to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." As the Government points out, that statute does not apply to Deckert, as he was not sentenced to term of imprisonment for which the sentencing range has been lowered by the Sentencing Commission since the imposition of his sentence on March 20, 2019.

Instead, in his pending motion, Deckert contests the application of a sentencing enhancement for Reckless Endangerment During Flight under U.S.S.G. § 3C1.2 and the fact that he did not receive an additional one level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1(b) when he was sentenced in March 2019. Deckert contends that his Fifth Amendment right to due process of law was violated. He maintains that he is being punished for

7

charges that were dismissed. Deckert states, "[t]he Sentencing Commission has said that relevant conduct and Acquitted [sic] conduct is [sic] unlawful to use on people. So the court should not have let the government use charges that was [sic] dismissed to give the defendant extra time." Deckert appears to confuse acquitted conduct with dismissed conduct. In the case at bar, Count Three of the Superseding Indictment was dismissed—Deckert was not acquitted of Count Three or of the conduct forming the basis of that count. Moreover, contrary to his assertion, relevant conduct remains a valid consideration at sentencing. Hence, because grouping of the drug offenses at issue was required, Deckert's reckless endangerment during flight with respect to Count Three was relevant conduct to his first offense of conviction. At sentencing, Deckert filed objections on both grounds, which were resolved adversely to him by the court. Deckert appealed the reckless endangerment enhancement to the Fifth Circuit, but he did not raise the denial of the extra point for acceptance of responsibility, which is dependent upon a motion from the Government that was not forthcoming. "The guideline specifically states that an additional one-level reduction for acceptance of responsibility is possible only if the government requests it." *United States v. Nurek*, 578 F.3d 618, 624 (7th Cir. 2009); *see United States v. Longoria*, 958 F.3d 372, 376 (5th Cir. 2020); *Shipp v. United States*, No. CV 5:12CV123, 2015 WL 3899516, at *4 (E.D. Tex. June 18, 2015). Because the Government did not make a formal motion that Deckert receive an additional one-level reduction in offense level, there was no error on this ground at sentencing.[2]

---

[2] The "Acceptance of Responsibility" provision in U.S.S.G. § 3E1.1 provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon

8

On appeal, the Fifth Circuit affirmed Deckert's convictions, rejecting his argument that the reckless endangerment during flight enhancement was incorrectly applied, finding that it was properly included as relevant conduct because it was part of the same course of conduct or common scheme or plan as Deckert's offense of conviction under U.S.S.G. § 1B1.3(a)(2). *Deckert*, 993 F.3d at 403. As the court pointed out:

> Deckert was caught with large, similar amounts of methamphetamine twice in four days in close geographic proximity. Because his flight from the police was part of that drug-trafficking scheme, the district court properly considered that conduct and thus properly applied the reckless endangerment enhancement.

*Id.* at 404.

Hence, Deckert's arguments constitute nothing more than an attempt to revisit determinations made by the court years ago at the time of his sentencing in 2019 that were either affirmed by or that he chose not to appeal to the Fifth Circuit. A motion for sentence reduction, like a "compassionate release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *United States v. Jabateh*, No. CR 18-216-3, 2021 WL

---

> motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1. The official comments to the guideline further explain:

> In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. . . .

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

9

5802493, at *2 (W.D. Pa. Dec. 7, 2021) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020)); *see United States v. Jones*, No. 24-30236, 2025 WL 1232927, at *6 (5th Cir. Apr. 29, 2025) (noting that a § 3582(c)(2) motion "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines" (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995))). The Fifth Circuit has explicitly held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187; *accord United States v. Corrales*, No. 23-50609, 2024 WL 448350, at *1 (5th Cir. Feb. 6, 2024). Like *Escajeda*'s claims, Deckert's "claims are the province of direct appeal or a § 2255 motion, not a compassionate release motion." *Escajeda*, 58 F.4th at 187.

In this instance, Deckert did not prevail on direct appeal, and the time for filing a writ of habeas corpus has long passed, as 28 U.S.C. § 2255(f)(1) provides a prisoner with a one-year period in which to file such a motion, running from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f); *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009); *United States v. Galloway*, No. 1:18CR108-HSO-JCG-1, 2023 WL 3659770, at *3 (S.D. Miss. May 25, 2023). Finality "attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Redd*, 562 F.3d at 311 (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *see United States v. Sharp*, No. 3:18-CR-102-GHD-RP, 2025 WL 371784, at *3 (N.D. Miss. Feb. 3, 2025). Here, Deckert's conviction became final on July 7, 2021. *See* SUP. CT. R. 13.1 (stating that a petition is timely if filed within ninety days after entry of judgment by a court of appeals); *accord Paredes v. Quarterman*, 574 F.3d 281, 287 n.4 (5th Cir. 2009). Thus,

10

Deckert had until one year from that date, July 7, 2022, to petition for relief under § 2255, but he did not do so. Hence, not only does Deckert's motion fall outside the scope of § 3582, the court declines to alter a final judgment based on Deckert's current complaints regarding how the Sentencing Guidelines were applied to the facts of his case, which were either rejected or abandoned on appeal. Indeed, as the Supreme Court has observed, "a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982).

    C.    <u>Section 3553(a) Factors</u>

The court further finds that a sentence reduction is not merited in light of the applicable factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chavez*, No. 23-50684, 2024 WL 940263, at *1 (5th Cir. Mar. 5, 2024); *Rollins*, 53 F.4th at 358-59; *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (finding that the court did not abuse its discretion in denying compassionate release after balancing the § 3553(a) factors); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir. 2021); *Shkambi*, 993 F.3d at 392; *Thompson*, 984 F.3d at 435 n.11 (collecting cases); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). The nature and circumstances of Deckert's offenses of conviction entail his possession with intent to distribute 50 grams or more of methamphetamine (actual) and his using and carrying a firearm during and in relation to a drug trafficking crime.

The Presentence Investigation Report ("PSR") indicates that on February 6, 2019, Hardin County Sheriff's deputies were dispatched to remove an RV from private property in Silsbee, Texas. Deputies approached the front door and met with Deckert, who stated that he was staying in the RV and that he was the only one in the trailer. At the deputies' request, Deckert agreed to

11

vacate the RV and, after retrieving some personal belongings, walked away from the area. While investigating the site, deputies determined that a female was inside the RV and that it was stolen from a dealer in Orange County, Texas, on January 29, 2018. The deputies discovered 520 grams of methamphetamine (actual) inside the RV along with five firearms—a 7.62x39 mm caliber handgun, a .22 caliber handgun, a .45 caliber handgun, a .22 caliber rifle, and a 12 gauge shotgun. The deputies also found stolen electronic equipment, syringes full of methamphetamine, used syringes, 22 tablets of alprazolam, and mail addressed to Deckert. The female found at the location told officers that she had come to the RV the previous night to see Deckert, used methamphetamine that was retrieved from the bag of methamphetamine seized by law enforcement, and witnessed Deckert handle five firearms. On February 7, 2018, a Hardin County court issued an arrest warrant for Deckert related to his possession of methamphetamine on February 6.

On February 10, 2018, a Lumberton, Texas, police officer observed Deckert driving a motorcycle suspiciously and committing a traffic violation by driving through a parking lot to avoid an intersection. When the officer signaled Deckert to stop, he refused and led the officer on a high-speed chase through residential and business areas in Lumberton. Deckert eventually crashed the motorcycle and was thrown into a ditch filled with water with his head partially submerged. The officer pulled Deckert out of the water and summoned medical personnel. The officer discovered a methamphetamine pipe in Deckert's pocket and located a backpack he had been wearing during the chase. Inside the backpack, officers found a grocery bag containing two large packages holding 615 grams of methamphetamine (actual), a package containing many smaller empty bags, and a plastic bag containing five syringes, two of which were full of

methamphetamine. Deckert was released to medical personnel, and a warrant was subsequently issued for his arrest. Deckert was arrested by Lumberton police officers on February 26, 2018, and was transferred to the custody of the United States Marshals Service the same day. Deckert ultimately pleaded guilty to possessing and was found responsible for a total of 1,145 grams of methamphetamine (actual) and five firearms.

Deckert has a significant criminal history, which includes prior convictions for assault-family violence (2x), evading arrest (2x), driving while license invalid, failure to identify (2x), and evading arrest or detention with a vehicle. At the time of sentencing, he had pending state charges for possession of a controlled substance (methamphetamine) (3x), possession of marijuana, and resisting arrest. The PSR also indicates that he absconded while released on bond in two of these cases in 2017. In addition, Deckert has a long history of poly-substance abuse, including the daily use of alcohol and the daily, "heavy" use of methamphetamine. He continued to abuse drugs after completing a six-month treatment program at a Substance Abuse Felony Punishment Facility in January 2008 which was followed by three months of aftercare treatment at Spindletop MHMR in Beaumont, Texas.

With regard to Deckert's history of drug abuse, courts are precluded from "lengthening a prison term in order to promote a criminal defendant's rehabilitation," but in the present case, the court is deciding whether to reduce, not extend, a sentence. *Tapia v. United States*, 564 U.S. 319, 321 (2011); *see Chambliss*, 948 F.3d at 694. Here, Deckert has a long history of abusing drugs. Therefore, releasing him or reducing his sentence at this time could facilitate his future drug abuse, as he would gain unfettered access to over-the-counter medications, alcohol, and illegal drugs outside the BOP.

"Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693; *see Rollins*, 53 F.4th at 358-60 (upholding the denial of compassionate release of the defendant, who suffered from a "dire" medical situation stemming from a gunshot wound that required the amputation of his right leg and left him paralyzed, and deferring to the district court's balancing of the § 3553(a) factors, including the defendant's "history, the serious nature of his offense, and the danger his release would pose to the community at-large"); *United States v. Gharib*, No. 21-40779, 2022 WL 1565352, at *1 (5th Cir. May 18, 2022). Where, as here, a prisoner has engaged in "severe" criminal conduct, the district court has discretion to deny compassionate release under the circumstances. *Chambliss*, 948 F.3d at 693-94; *accord Rollins*, 53 F.4th at 358-60; *Gharib*, 2022 WL 1565352, at *1 (refusing to consider the defendant's contention that extraordinary and compelling reasons justified compassionate release due to the defendant's no longer being subject to the career offender enhancement when the district court found that the § 3553(a) factors outweighed granting relief); *Keys*, 846 F. App'x at 276 (rejecting the defendant's argument that the court gave too much weight to his criminal history and finding that "a mere disagreement with the court's balancing of the § 3553(a) factors . . . is not a sufficient ground for reversal"). In view of the nature and circumstances of his offenses of conviction and Deckert's history of substance abuse, the court cannot conclude that Deckert's early release from prison would afford adequate deterrence or protect the public, as he continues to pose a danger to other persons and to the community as a whole.

In addition, granting Deckert compassionate release or a sentence reduction would fail to provide just punishment and promote respect for the law. In *Chambliss*, the Fifth Circuit upheld

14

the denial of compassionate release due to the defendant's not yet having served a sufficient portion of his sentence. 948 F.3d at 694. The district court determined that the defendant's terminal illness "constitute[d] 'an extraordinary and compelling reason for a sentence reduction' and that he '[did] not present a danger upon release,'" but denied release because "releasing [the defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [the defendant's] crime and seriousness of the offense." *Id.* at 693-94. "Moreover, the [district] court, citing the § 3553(a) factors, determined that requiring [the defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Id.* at 694; *see Rollins*, 53 F.4th at 359-60; *Thompson*, 984 F.3d at 434-35 (observing that the courts that have granted compassionate release "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns"); *accord United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022). In the case at bar, releasing Deckert after he has served only 7 years of his 22-year sentence would similarly minimize the impact of his crimes and the seriousness of his offenses as well as fall short of providing just punishment and adequate deterrence to criminal conduct. On balance, compassionate release is not warranted in light of the applicable factors set forth in § 3553(a).

As the court noted in *United States v. Preston*, "[t]he best predictor of how [Defendant] will behave if he were to be released is how he behaved in the past, and his track record is a poor one." No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. Apr. 11, 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). Here, Deckert's track record is similarly a poor one. In this instance, there is no reason to believe that Deckert would not revert

to his prior drug-dealing and drug-abusing behavior as well as his possession of firearms in connection with his drug-trafficking activities if his sentence was reduced and he was released from prison at this juncture. *See United States v. Wymer*, 573 F. Supp. 3d 1208, 1212 (N.D. Ohio 2021). Like the court in *United States v. Lewis*, this court concludes that "Defendant's current term of imprisonment was and remains appropriate." No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Deckert committed serious offenses that justified his sentence, and the circumstances he now identifies do not render that sentence unjust or inequitable. *See id*.

III. Conclusion

In sum, Deckert has failed to satisfy his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. He has advanced no argument that would merit a reduction of his sentence under these circumstances. The consecutive 120-month and 60-month terms of imprisonment imposed upon Deckert for his drug-trafficking and firearms offenses comport with the 18 U.S.C. § 3553(a) factors, and he has adduced no extraordinary and compelling reasons to lessen his sentence or release him from prison at this time. Accordingly, Deckert's *pro se* Motion to Reduce Sentence (#94) is denied.

SIGNED at Beaumont, Texas, this 2nd day of May, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE